IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| BOBBY J. HIBBS | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0692-N-BD |
| | § | |
| UNITED STATES OF AMERICA, ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Bobby J. Hibbs, a visually impaired federal prisoner, alleging that he received inadequate medical care while incarcerated at FCI Seagoville. On April 4, 2011, plaintiff tendered a civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on April 22, 2011. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff, who is blind in his left eye and has diminished vision in his right eye due to a corneal thinning abnormality, a damaged retina, and glaucoma, contends that he received inadequate medical care at various times during his incarceration at FCI Seagoville. In his six-page complaint, which is accompanied by 250 pages of attachments, plaintiff generally alleges that the warden, a doctor, and other prison employees were deliberately indifferent to his medical needs by failing to promptly treat his eye condition and by not timely referring him to a specialist. Although his claims and legal theories are difficult to decipher, plaintiff appears to assert a *Bivens* claim for deliberate indifference and a negligence claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*

A.

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *See Neitzke*, 109 S.Ct. at 1831. A claim may be deemed to lack an arguable basis in fact only if it is based upon factual allegations that are clearly fanciful or delusional in nature. *See Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A complaint that duplicates claims asserted in an earlier case may be deemed malicious and subject to summary dismissal. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849-40 (5th Cir.), *cert. denied*, 110 S.Ct. 417 (1989).

B.

This is the second time plaintiff has sued for deliberate indifference in connection with the medical care he received for his eye condition and related vision problems while incarcerated at FCI Seagoville. A prior action brought by plaintiff asserting essentially the same claim was dismissed as frivolous on January 24, 2011. *See Hibbs v. Federal Bureau of Prisons*, No. 3-10-CV-2396-L, 2010 WL 5625894 (N.D. Tex. Dec. 23, 2010), *rec. adopted*, 2011 WL 208393 (N.D. Tex. Jan. 24, 2011). The court therefore concludes that plaintiff's *Bivens* claim should be summarily dismissed as malicious under 28 U.S.C. § 1915(e)(2). *See Pittman*, 980 F.2d at 995; *Wilson*, 878 F.2d at 849. Alternatively, the claim is barred by res judicata. *See Bazemore v. Buie*, No. 3-10-CV-1505-M, 2010 WL 4628102 at *2 (N.D. Tex. Aug. 18, 2010), *rec. adopted*, 2010 WL 4627659 (N.D. Tex. Nov. 2, 2010), *appeal dism'd*, No. 10-11186, 2011 WL 1519118 (5th Cir. Apr. 21, 2011).

C.

To the extent plaintiff attempts to assert a negligence claim under the FTCA, his claim is premature. Under the FTCA:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Presentment of a claim to the appropriate federal agency is a jurisdictional prerequisite to a tort suit against the United States. *See Cook v. United States ex rel. United States Dept. of Labor*, 978 F.2d 164, 166 (5th Cir. 1992); *Brewer v. United States*, No. 3-06-CV-1615-BD,

2007 WL 1953474 at *2 (N.D. Tex. Jun. 27, 2007). A claimant may not file suit against the federal government on a tort claim that has not been presented to, and finally denied by, the appropriate federal agency. *See Lee v. Lomboy*, No. 3-98-CV-2304-BD, 2000 WL 140778 at *1 (N.D. Tex. Feb. 7, 2000) (citing cases).

Attached to plaintiff's complaint is a tort claim presented to the Bureau of Prisons ("BOP") on or about January 3, 2011. (*See* Plf. Compl., Doc. 2 at Page ID 171). Plaintiff does not allege, much less offer any evidence, that the BOP has denied his claim. Nor has the claim been pending for more than six months. Accordingly, plaintiff's negligence claim against the United States of America should be dismissed without prejudice.

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). His negligence claim under the FTCA should be dismissed without prejudice for lack of subject matter jurisdiction. All other claims should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 27, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE